UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTY HIDALGO MCLEOD** § § *Plaintiff* § § § v. § § § **NISSAN NORTH AMERICA, INC., ROYAL NISSAN, INC., AND NISSAN MOTOR ACCEPTANCE CORPORATION** § § § § § *Defendants* § | CIVIL ACTION NO: JURY TRIAL REQUESTED |

## COMPLAINT

### I. Parties

1. Plaintiff, CHRISTY HIDALGO MCLEOD, is an individual of the lawful age of majority and citizen of the State of Louisiana.

2. Defendant, NISSAN NORTH AMERICA, INC., hereinafter "NISSAN," is a foreign corporation authorized to do and doing business in the State of Louisiana, whose principal business establishment in Louisiana is 215 St. Ann Drive, Suite 2, Mandeville, LA 70471, and whose agent for service of process is CSC of St. Tammany Parish, Inc., 215 St. Ann Drive, Suite 2, Mandeville, LA 70471-3394.

3. Defendant, ROYAL NISSAN, INC., hereinafter "ROYAL NISSAN," a Louisiana corporation authorized to do and doing business in the State of Louisiana whose agent for service

-1-

of process Kris A. Perret, 123 St. Ferdinand Street, Baton Rouge, LA 70802.

4.   Defendant, NISSAN MOTOR ACCEPTANCE CORPORATION, hereinafter "NMAC", is a foreign corporation authorized to do and doing business in the State of Louisiana, whose principal business establishment in Louisiana is 215 St. Ann Drive, Suite 2, Mandeville, LA 70471, and whose agent for service of process is CSC of St. Tammany Parish, Inc., 215 St. Ann Drive, Suite 2, Mandeville, LA 70471-3394.

## II.   Jurisdiction

5.   This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d); and 28 USC § 1331 in that the disputes involve predominant issues of federal law.  Declaratory relief is available pursuant to 28 USC §§ 2201 and 2202. The court has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## III.   Venue

6.   Venue is proper in St. Tammany Parish because Defendants, NISSAN and NMAC, are located in this Parish..

## IV.   Conditions Precedent

7.   All conditions precedents have been performed or have occurred.

## V.   Facts

### A.   The Transaction

8.   On January 25, 2014, Plaintiff purchased vehicle a new 2014 NISSAN PATHFINDER VIN 5N1AR2MN2EC639896, (hereinafter referred to as the "PATHFINDER") from

ROYAL NISSAN. The PATHFINDER was purchased primarily for Plaintiff's personal use. The sales contract was presented and executed at the dealership by the Plaintiff. At all times during the transaction the dealership personnel held themselves out to be acting on behalf of NISSAN, NMAC, as well as ROYAL NISSAN.

9. The sales price of the PATHFINDER was $38,534.00, excluding finance charges. Plaintiff made a net trade-in the amount of $5,100.00. The total amount financed was $46,398.32. The damages Plaintiff has suffered as a direct and proximate result of Defendants' actions exceed $50,000.00.

10. The contract of sale was assigned to the Defendant, NMAC. The contract which was assigned contained the following provision:

> "Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the debtor shall not exceed amounts paid by the Debtor hereunder."

### B. Implied Warranties

11. As a result of the sale of the PATHFINDER by Defendant, ROYAL NISSAN, to Plaintiff, an implied warranty of merchantability arose in the transaction which included the guarantee that the PATHFINDER would pass without objection in the trade under the contract description; and that the PATHFINDER was fit for the ordinary purpose for which such recreational vehicles are purchased.

12. Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendants, NISSAN and ROYAL NISSAN. Specifically, the Defendants, NISSAN and ROYAL NISSAN, impliedly warranted that the repair work had been performed in a

good and workmanlike manner.

### C. Express Warranties

13. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the PATHFINDER occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the PATHFINDER had, in fact, repaired the defects.

14. Plaintiff's purchase of the PATHFINDER was accompanied by express warranties offered by Defendant, NISSAN, and extending to Plaintiff. These warranties were part of the basis of the bargain of Plaintiff's contract for purchase of the PATHFINDER.

15. The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the NISSAN's warranty booklet and owners manual.

### D. Actionable Conduct

16. In fact, when delivered, the PATHFINDER was defective in materials and workmanship with such defects being discovered within the warranty periods. Within the first year after purchase, Plaintiff began experiencing defective conditions with the PATHFINDER. Many defective conditions have occurred since purchase, including, but not limited to:

(1) Transmission Defects; and

(2) Air Bag Disengaged.

17. Since purchase, Plaintiff has returned her PATHFINDER to Defendants for repairs on numerous occasions. Despite this prolonged period during which Defendants were given the opportunity to repair the PATHFINDER, the more significant and dangerous conditions were not repaired. Defendants failed to repair the vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the PATHFINDER continues to this day to exhibit some or all of the non-conformities described herein.

18. The defects experienced by Plaintiff with the PATHFINDER substantially impaired its use, value and safety.

19. Plaintiff directly notified all Defendants and each of them of the defective conditions of the PATHFINDER. Plaintiff notified Defendants that he wanted a rescission of the sale of the PATHFINDER but Defendants have failed and refused to buy back Plaintiff's defective PATHFINDER.

**Count 1: Violations of the Louisiana Redhibition Laws**

20. Plaintiff re-alleges and incorporates by reference herein each and every allegation set forth in the preceding paragraphs.

21. The PATHFINDER is a "thing" under La. Civil Code Articles 2520, et seq.

22. NISSAN is a "manufacturer" under La. Civil Code Articles 2520, et seq.

23. ROYAL NISSAN is a "seller" under La. Civil Code Articles 2520, et seq.

24. Plaintiff is a "buyer" under in La. Civil Code Articles 2520, et seq.

25. The defects described in the PATHFINDER vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

26. Plaintiff has provided the Defendants sufficient opportunity to repair her defective

vehicle.

27. Plaintiff has performed each and every duty required of him under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendants, as herein alleged.

28. The hidden defects in the PATHFINDER existed at the time of sale, but were not discovered until after delivery. Since the defects render the PATHFINDER unusable or so inconvenient that neither Plaintiff nor a reasonable prudent buyer would have purchased the PATHFINDER had she known of the defects prior to the sale.

29. Furthermore, Defendants, NISSAN and ROYAL NISSAN, failed to perform the repair work in a good and workmanlike manner. This conduct by Defendants, NISSAN and ROYAL NISSAN, constitute a breach of the implied warranties under Louisiana law and entitles Plaintiff to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, and out of pocket expenses. The damages Plaintiff has suffered as a direct and proximate result of Defendants' actions exceed $50,000.00.

30. Under Louisiana Redhibition laws, Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails. As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect her rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**Count 2: Lender Liability**

31. Plaintiff re-alleges and incorporates by reference herein each and every allegation set

forth in the preceding paragraphs.

32. Plaintiff is indebted to NMAC as a result of her purchase of the PATHFINDER. Plaintiff is entitled to assert all claims and defenses stated above against NMAC as a defense to the debt.

**Count 3: Violation of the Magnuson-Moss Warranty Act**

33. Plaintiff realleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

34. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

35. Defendants, NISSAN and ROYAL NISSAN, are "suppliers" and "warrantors" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

36. The PATHFINDER is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

37. The express warranties pertaining to the PATHFINDER are a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

38. The actions of Defendants in failing to tender the PATHFINDER to Plaintiff free of defects and refusing to repair or replace the defective PATHFINDER constitutes a breach of the written and implied warranties and hence a violation of the Magnuson-Moss Warranty Act.

39. Plaintiff has performed all things agreed to and required of her under the sales contract and warranty terms, except as may have been excused or prevented by the conduct of Defendants as herein alleged.

40. The damages Plaintiff has suffered as a direct and proximate result of Defendants' actions exceed $50,000.00.

41. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails. As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect her rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

## Count 4:  Negligent Repair

42. Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs. For purposes of this cause of action, the word "Defendants" refers to NISSAN and ROYAL NISSAN.

43. On numerous occasions after the sale, Plaintiff delivered the PATHFINDER to ROYAL NISSAN for repairs of the defective conditions covered under the express and implied warranties set forth hereinabove.

44. On each such occasion, Plaintiff is informed and believe, and thereupon alleges, that Defendants, NISSAN and ROYAL NISSAN, attempted the repairs of the PATHFINDER pursuant to their obligations under the express and implied warranties. Defendants owed a duty of care to Plaintiff to perform those repairs on the PATHFINDER in a good and workmanlike manner within a reasonable time. The Defendants breached this duty to Plaintiff.

45. Defendants' attempted repairs of Plaintiff' PATHFINDER were done so negligently, carelessly, and recklessly as to substantially impair the PATHFINDER's use, value, and safety in its

operation and use. At no time was any repair attempt on Plaintiff' PATHFINDER fully and completely repaired by the Defendants, nor were many of the defective conditions fixed or significantly improved by the Defendants' repair attempts. Nonetheless, each time Plaintiff picked up the vehicle after the Defendants' repair attempts, Defendants represented to Plaintiff that the repairs were complete, and Plaintiff relied upon these statements by the Defendants.

46. As a direct and proximate result of Defendant's negligent failure to repair the PATHFINDER within a reasonable time or within a reasonable number of attempts, Plaintiff was not able to use the PATHFINDER for weeks at a time. As a further direct and proximate result of Defendants' failure to repair the PATHFINDER in a timely and workmanlike fashion, Plaintiff was forced repeatedly to take the PATHFINDER in for further repair attempts and to leave the PATHFINDER for periods of time at great inconvenience to Plaintiff.

47. The damages Plaintiff has suffered as a direct and proximate result of Defendants' actions exceed $50,000.00.

## VI. Damages

48. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff.

49. Plaintiff's damages include rescission of the sale including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, damages, together with applicable penalties and attorney fees allowed by law, and with legal interest upon the entire sums awarded from the date of judicial demand, until paid, and for all costs of these proceedings.

50. The amount of Plaintiff's damages falls within the jurisdictional limits of the court.

### VII. Request for Rescission

51. Plaintiff seeks the remedy of rescission of the sales contract.

52. Plaintiff revokes her acceptance of the PATHFINDER for the reason that its defects substantially impair its use, value, and safety to Plaintiff and the acceptance was based on Plaintiff's reasonable reliance on the false representations and warranties of the Defendants that the defects in the PATHFINDER would be repaired, and no reasonable prudent buyer would have purchased the PATHFINDER with knowledge of these defects prior to the sale. Accordingly, Plaintiff seeks a cancellation of the sales contract and an order of the court restoring to him the money obtained by Defendants as a result of the false representations and breaches of express and implied warranties as set forth above. Plaintiff also seeks cancellation of the debt and offers to return the PATHFINDER to the Defendants.

### VIII. Attorney Fees and Costs

53. Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails. As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect her rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

### IX. Prayer for Relief

54. For these reasons, Plaintiff prays for judgment against the Defendants for the following:

    a. For general, special and actual damages according to proof at trial;

    b.    Rescinding the sale of the 2014 NISSAN PATHFINDER VIN 5N1AR2MN2EC639896 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages.

    c.    For incidental and consequential damages and loss of use according to proof at trial;

    d.    Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

    e.    Any diminution in value of the vehicle attributable to the defects;

    f.    Past and future economic losses and lost profits;

    g.    Prejudgment and post-judgment interest;

    h.    Attorney fees;

    I.    Costs of suit, expert fees and litigation expenses; and

    j.    All other relief this Honorable Court deems appropriate.

### X. Demand for Jury Trial

55.    Plaintiff hereby demands trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

*[signature]*

Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
1343 West Causeway Approach
Mandeville, Louisiana 70471
E-mail: rdalton746@aol.com
Tel. (985) 778-2215
Fax: (985) 778-2233

ATTORNEY FOR PLAINTIFF

-11-